UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

ROBERT MUHLENKAMP (Germany);

          Petitioner,

      v.

ALLISON BLIZZARD,

          Respondent.

NO. CV-07-0231-EFS

**TEMPORARY RESTRAINING ORDER
AND
ORDER SETTING HEARINGS AND
DENYING AS MOOT PETITIONER'S
REQUEST FOR SERVICE BY
MARSHAL**

Before the Court, without oral argument, is Plaintiff's Amended Verified Petition for Return of Child to Petitioner and Petition for Immediate Issuance of Show Cause Order to Respondent (Ct. Rec. 2). The Petition is brought pursuant to the 1980 Hague Convention on the Civil Aspects of International Child Abduction ("Convention") and the International Child Abduction Remedies Act (ICARA), 42 U.S.C. §§ 11601 *et seq.* The Court, after reviewing the Petition, the Convention, and ICARA, is fully informed and concludes jurisdiction exists under these federal statutes.

The Petition asserts that the minor child, E.M., was wrongfully removed from her residence in Germany and has been wrongfully retained in the United States by her mother, Respondent. The Petition asserts that Respondent, the natural mother of the child, and the child are

ORDER ~ 1

located in Spokane County, Washington.  The Petitioner, the natural father of the child, asserts that he has rights of custody with respect to the minor child, who was born in Germany, and was exercising his rights of custody, as he had done since the child was born, when the child was unlawfully removed and retained.

In the Petition, Petitioner requests, in addition to seeking return of the minor child to Germany: (1) service of a show cause order by the United States Marshals on Respondent, (2) immediate access to his daughter pending further court hearings, (3) appearance of Respondent and the child together at a court hearing, (4) prohibition of the removal of the child from the jurisdiction of the Court, and (5) safe-keeping of the child's travel documents.  ICARA provides that the Court "may take or cause to be taken measures under Federal or State law, as appropriate, to protect the well being of the child involved or to prevent the child's further removal or concealment before the final disposition of the petition."  42 U.S.C. § 11604(a).  Rule 65(b) of the Federal Rules of Civil Procedure provides that the Court may issue a temporary restraining order if "immediate and irreparable injury, loss, or damage will result to the applicant before the adverse party or that party's attorney can be heard in opposition."

Because Respondent has been personally served with the Petition, the Court denies as moot the request for service of the Petition by the U.S. Marshals.  However, the Court finds the risk of concealment or further removal of the child - an irreparable injury - exists and thus grants the following relief without notice:

ORDER ~ 2

- • Respondent is to surrender any passports for herself and the minor child to the United States District Court at any of the United States Courthouses in Yakima, Richland, or Spokane, Washington.
- • The removal of the child from the State of Washington is prohibited.
- • Relocating the current residence of the minor child to another location in or out of the State of Washington is prohibited.

As set forth in greater detail below a hearing is set on August 23, 2007. **ACCORDINGLY, IT IS HEREBY ORDERED:**

1.   Parties are directed to **Local Rule 10.1(j)** which requires that **ONLY THE INITIALS OF THE MINOR CHILD** are to be used.  In addition, if an individual's date of birth must be included in the document, only the year should be used.  If the sensitive information is necessary, then parties are to file an unredacted document under seal.

Consistent with Local Rule 10.1(j), the Court DIRECTS the Clerk's Office to file **UNDER SEAL** the Verified Petition and the Amended Verified Petition, including exhibits, (Ct. Recs. 1 & 2).   Petitioner shall **ELECTRONICALLY FILE a REDACTED Amended Petition, WITHOUT EXHIBITS.**

2.   The Amended Verified Petition for Return of Child to Petitioner and Petition for Immediate Issuance of Show Cause Order to Respondent is **GRANTED IN PART** (temporary restraining order issued)**, DENIED AS MOOT IN PART** (request for service of Petition by U.S. Marshals)**, and HELD IN ABEYANCE IN PART.**

///

///

ORDER ~ 3

3.    The following **temporary restraining order** is entered:

- Respondent is to surrender any passports for herself and the minor child to the United States District Court at any of the United States Courthouses in Yakima, Richland, or Spokane, Washington.

- The removal of the child from the State of Washington is prohibited

- Relocating the current residence of the minor child to another location in or out of the State of Washington is prohibited.

4.    The temporary restraining order is in effect until the Court issues an order following a **hearing on Thursday, August 23, 2007, at 8:00 a.m.** Petitioner may call into the Court's public conference line 509-376-8880 (use of mobile/cell phones is prohibited); or Petitioner may participate by video-conference prearranged by calling the Courtroom Deputy Debbie Brasel, 509-376-7262, no later than August 20, 2007. Two days in advance of the hearing the parties are to submit a joint statement addressing: (1) whether continuation of the terms of the temporary restraining order are appropriate and/or whether other forms of injunctive relief are appropriate, (2) whether the child's name should be entered into the national police computer system (N.C.I.C.) missing person section, (3) whether Petitioner is entitled access to the child pending the outcome of the Petition, and if so, the terms of such, (4) a September 12, 2007, hearing on the Petition and whether discovery is necessary, (5) the length of the hearing on the Petition and the type of hearing, i.e. whether affidavits are appropriate evidence at the

ORDER ~ 4

1 evidentiary hearing, in lieu of depositions or live or video-conferenced

2 testimony).

3        **IT IS SO ORDERED.**   The District Court Executive is directed to enter

4 this Order and provide copies to counsel.

5        **DATED** this ____17th____ day of August 2007.

6

7                          S/ Edward F. Shea
                          _____
8                          EDWARD F. SHEA
                          United States District Judge

9 Q:\Civil\2007\0231.child.wpd

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

ORDER ~ 5